Hollister *against* White and others :

IN ERROR.

A suit for the maintenance of a bastard child, taken up and pursued under the statute, (*tit.*22. *s.* 3.) on the mother's failure to prosecute a suit she has commenced, must be in the name of

THIS was a *scire-facias* on a recognizance, entered into by *Hollister*, on a complaint exhibited against him, by *Ann Goffe*, the mother of a bastard child, in a prosecution under our statute of bastardy. (*Tit.* 22.) The recognizance was taken to " the adverse party ;" and the condition was, " that said *Hollister* should make his appearance before the next county court to be holden at *Middletown*, within and for the county of *Middlesex*, on the fourth *Tuesday* of *September*, 1815, and make answer to said complaint ; and should abide the doings of said county court thereon." *Ann Goffe* duly

the *town* liable to support the child, by the select-men, as the agents of that town, and not in the names of the persons, who are, at the time, select-men.

A suit on a recognizance, taken, in the course of such a proceeding, to the adverse party, on the complaint of the mother, before her failure to prosecute, must be brought in the same manner.

entered her complaint in the docket of the county court, but failing to prosecute her suit, *Daniel White, David Clark, Simeon Young, John Stewart,* and *Samuel Penfield,* select-men of the town of *Chatham* where the child was born, took up and pursued the suit thus begun.(a)   *Hollister* was found and adjudged to be the father of the child, and a decree was passed against him for its support.    He failed to comply with this decree, and his recognizance became forfeited.

This *scire-facias* was brought in the names of the select-men above mentioned ; and came, by appeal, to the superior court, *July* term 1816, and was thence continued to the term in *December* following ; when the defendant pleaded in abatement, that since the last continuance, the term of time for which the plaintiffs were appointed select-men, had expired, and that the town had appointed five other persons to the same office, who had accepted of their appointments respectively.    This plea being demurred to, the court adjudged it to be insufficient, and ordered the defendant to answer over. The defendant then prayed oyer of the record and proceedings of the county court, and demurred to the declaration. The court adjudged the declaration to be sufficient, and rendered final judgment in favour of the plaintiffs, for the amount of the recognizance and costs.    The defendant thereupon brought the present writ of error, assigning for error, that the superior court ought to have adjudged his plea in abatement sufficient, and the plaintiffs' declaration insufficient.

*T. S. Williams* and *C. Whittelsey,* for the plaintiff in error, contended, among other points which it has become unnecessary to notice, 1. That the bond being taken to the *then* " adverse party, *viz. Ann Goffe,* no suit can be sustained upon it in the names of the select-men.   The *scire-facias* should be in the name of the nominal party, *viz. Ann Goffe,* or the party in interest, *viz.* the town of *Chatham.* 1 *Root* 440. 441.

(a) The provision of the statute conferring the power in question, is as follows :  " That the select-men of any town interested in the support of such bastard child, (where sufficient security shall not be offered to save said town from all charge and expense for the support of such child or children) and the woman omits to bring forward her suit to recover maintenance, may bring forward a suit, in behalf of such town, against him who shall be accused of begetting such child ; and may also take up and pursue any suit begun by the mother of such child, for maintenance thereof, in case she shall fail to prosecute the same to final judgment." *Book* 1. *tit.* 22. *s.* 3.

*Hartford,*
November,
1817.

Hollister
*v.*
White.

The cognizee may have a *scire-facias,* though his interest be terminated, and he has become a mere trustee.

2. That if a right of action vested in the individuals who entered and prosecuted as select-men, it could not be transmitted to their successors. The select-men of a town are not a corporation.

*Staples,* for the defendants in error, contended, that the suit could not be taken up and prosecuted, by the select-men, in the name of *Ann Goffe* ; for if it could, it would be in her power to *controul* the suit, which would defeat the sole object of the provision in question. Nor is there any intimation in the statute, that the suit is to be prosecuted *by the town.* The statute says, that the *select-men* may take up and pursue the suit ; and no power is given to them to do this, except in their own names. The recognizance being taken to the adverse party, the select-men become such party, by force of the statute. By the term " select-men" must be meant the select-men for the time being. *Bailey & al.* v. *Lewis,* 3 *Day* 450. and *Pierce & al.* v. *Kellogg,* 3 *Day* 455. n. were cited.

Swift, Ch. J. I am of opinion, that the select-men of *Chatham* cannot maintain an action on the bond in question. If the select-men for the time being had a right to enter and prosecute the action, then the bond previously given to the woman would have enured to their benefit ; they must have prosecuted the suit, and brought *scire-facias* on the bond : for there is nothing in the law to warrant the idea, that the parties to the action are to be changed as often as the select-men are changed ; or that a set of select-men different from those who entered and prosecuted the suit, can bring *scire-facias* on the bond.

But I apprehend, that the select-men of a town can never bring a suit on such bond. It is a reasonable construction of the statute to say, when a suit is brought for the maintenance of a bastard child, because the mother does not prosecute at all, or where one is taken up when the mother fails to prosecute a suit she has commenced, that it must be done in the name of the *town* where the child would be chargeable, by the select-men, as their agents, and not in the name of the select-men only ; for it is the *town* that has an interest

in the prosecution ; and the statute, by authorizing the se-lect-men to bring forward or prosecute such suit in behalf of the town, constitutes them agents for that purpose, and the suit must, of course, be in the name of the town ; and here would be a permanent party, not changeable like the select-men of a town. If the suit must be in the name of the town, and the selectmen cannot enter or prosecute in their name, it follows necessarily, that they cannot bring *scire-facias* on the bond previously given to the mother of the bas-tard child.

I am of opinion that the judgment of the superior court be reversed.

In this opinion the other Judges severally concurred, ex-cept Gould, J., who did not hear the arguments of counsel, and, of course, gave no opinion.

Judgment reversed.